Good morning, Your Honors. May it please the Court, I'm Charles Nicollet here for the petitioner Remo Obregon Rocha. The petitioner in this case has been a long-time lawful permanent resident since 1984. He's married to a woman who is now a U.S. citizen, has six children who are U.S. citizens, and the immigration judge noted that he had exceptional equities in the United States. He has two charges of removability. First, under INA Section 237A2A3, as someone who has been convicted of an aggravated felony, and subsequently he was charged under 237A3D for having made a false claim of U.S. citizenship, allegedly for a purpose of gaining an immigration benefit or a benefit under any federal or state law. The first charge regarding the aggravated felony related to a 1995 narcotics conviction and his eligibility to apply for a waiver under former INA Section 212C was never contested at the court. However, the immigration judge specifically found that she declined to review the 212C application because she found he was removable under the second charge for having made a false claim of citizenship. The government in its response to the petitioner's claim of citizenship, the government in its response to the petitioner's claim of citizenship as an American citizen, when the conduct took place after the repeal of 212C. Okay. He's contesting the ground that he was removable, and he didn't make a false claim of citizenship for a benefit under any state law. So it's not for that reason. I mean, basically, your position is that if that one washes, then you have to choose. I mean, St. Cyr wasn't really clear. It said that, you know, if you're put in charge in proceedings before IRA-IRA, and it was a plea bargain, that you could apply for any ground of removability. They didn't specifically state whether or not it would affect matters which, post-IRA-IRA, the courts generally have not favored an expansion of St. Cyr to cover post-IRA-IRA convictions. But one of the things, in this case, we don't have a conviction here. We don't. I mean, all we have is a form that he filled out at a sporting goods store. So there's no allegation that he's committed a felony. In fact, they can't even identify a crime that he has committed. That doesn't matter for the statute. What matters is whether he meets the terms of the statute. Right. And I should say that, to me, I think you have a pretty good argument that he didn't, but isn't there a serious exhaustion problem here? Well, this issue was raised by the – well, first of all, he's never – he pled and he contested the ground of removability. Pleadings are something that doesn't change on appeal. They are a one-time event, and they're a matter of fact, which, you know, if he had said that he was not removable, that wouldn't change on appeal, and he can't change the pleadings. It has always been contested, so it is always an issue which the board had to review, because he is – and then the government – But the board only has to review whatever you raise – whatever was raised. Well, it was certainly raised by the government. The trial terms specifically He didn't say that he falsely claimed to be a U.S. citizen for a particular benefit. No, they couldn't identify that. But what they did was – I mean, in Sagermark v. INS, this court held that even if an appellant does not technically raise an issue before the BIA, that issue is exhausted where the government presents its position to the BIA on that issue, and the BIA affirms the IJ's decision. The trial attorney specifically argued to the Board of Immigration Appeals at the administrative level that the IJ was correct in all aspects, that the errors – any errors are harmless or immaterial. The trial attorney further specifically stated that the IJ correctly sustained the charge of removability for a false claim of citizenship. He responded, falsely claimed to be a U.S. citizen and Oregon removed him. Right. And that, quote, that the respondent is subject to removal as an alien who falsely – Back to my question, excuse me, counsel, that the statement does not mention purpose or benefit under the INS Act, Federal or State law. What is your response to that? Well, it's inherent. The trial attorney clearly referenced the exhibit to the firearms transaction record. We don't have a – they've never met the – we The issue was whether or not he did it for a purpose. And that issue was not raised by that statement of the government, as far as I can see, unless you can convince me otherwise. Well, it still goes on appeal because it's – he has contested removability and that stays all the way through. That covers everything? That contested his removability under that Act. Isn't your stronger argument that the – that this particular issue, the purpose or benefit, was discussed before the IJ and does appear from the transcript? It was. The immigration judge specifically stated that the respondent argues that the government must prove the respondent attempted to obtain a benefit or purpose under the Act or any Federal or State law, and specifically argues that the government must specify the benefit or purpose that the respondent attempted to gain under specific Federal or State law. And she found that the government had met that burden. So the real question is whether this issue, having surfaced during the litigation, which it did, was encompassed, although not mentioned, which it was not, by the government's suggestion that this particular false claim issue should be affirmed. I mean, that's sort of how five cuts apply. The government did say that – they didn't simply say that we think the government – you know, just say we agree with the immigration judge and have a one- or two-sentence argument, as they sometimes do. They went and numbered their arguments, and one of their arguments – Right. I just didn't have to mention the words. I mean, anybody reading this document by itself would not know that was at issue. So the real question is whether anybody reading this document in light of a transcript would know it. She referenced the transcript. She mentions the document itself, and she referenced the IJ's decision where she specifically addressed that. The BIA – if the BIA made any type of review, they had to have reviewed that matter. And, you know, under Falcón-Carriche, the – here they made a streamlining decision under HCFR 1003.1E4, where they just said we agree with the immigration judge's decision. And, you know, therefore, all of the policy determinants – the policies underlining the jurisdictional exhaustion requirement, including preventing interference with the agency's decision-making process, affording the parties and the courts the benefit of the agency's expertise, and the creation of a record are satisfied when the issues are fully presented to the final agency decision-maker. And when they do streamlining, the final agency decision-maker is the immigration judge. Now, this Court has rejected that position. It's an interesting position, but it's been rejected. Uh-huh. Right. I mean, i.e., that the exhaustion has – is different in the streamlining context. Yes. But even here – even here, the fact that it was presented, SAGR mark has not been overturned. And there – I'm sorry. What has not? Uh-huh. I didn't hear you. SAGR mark. Uh-huh. SAGR mark. That's 767F2-645. And that was where I was referring that where – even where the appellant does not technically raise an issue before the board, that the issue is exhausted where the BIA affirms the IJ's decision. And, you know, here, because the BIA agreed with the government's brief that there were no material errors, because the government – the government's brief cited the portions of the immigration judge's decision sustaining removability under INA Section 237A3D, the relevant policy concerns underline the exhaustion requirement that an agency should have a full opportunity to resolve a controversy or correct its own errors before the judicial interventions have been satisfied. Aren't you relying more on ZARA versus IJCRAF, though? SAGR mark versus INS. And also, that same section which I just mentioned was mentioned in SOCOP versus – SOCOP-Gonzalez versus INS. So the government's argument that the administrative remedies were not exhausted is incorrect, and – But was this purpose or benefit argument essentially the only argument of the Petitioner that the IJ referenced in his decision on that ground? I mean, in other words, was anything else raised with regard to that ground? Well, that they – yeah. No, that was the matter, but that is the whole charge. I mean, for 237 – I understand what I'm asking is this. With the IJ's opinion with regard to that charge of deportability, did it discuss anything other than the purpose or benefit issue? Was there any other issue with regard – Well, they mentioned an issue that as a convicted felon, he should not be subject to the charge of deportability. And she tried to merge that in to say that he shouldn't be applying for a firearm. But I think that's kind of totally off the mark because it has nothing to do – It has nothing to do with the false claim of citizenship. So even here, we have a false claim of citizenship, but there's nothing to show that it could possibly sustain the charge of removability. He contested that, and it remains contested. If we agree with you, then your position is that it should be remanded for the 212C relief that he claims? Yes, I think it should be remanded to the immigration judge for determination on the first charge and whether he'd be eligible for a discretionary waiver of 212C. Okay. Thank you very much for your argument. Counsel. Good morning, Your Honors. May it please the Court, Ayla Dice for the Respondent, Attorney General. Just to begin, you acknowledge, don't you, that there was really no benefit that he received by claiming he was a United States citizen? The benefit, as stated by – properly stated by the immigration judge, is the purchase of a firearm under Nevada law. But he didn't have to prove he was a citizen in order to purchase a firearm. So what benefit – if he would have said nothing, he would have qualified for a firearm? It's the government's position initially that this argument, to the extent the petitioner argues that the benefit needs to be specified by the government or that the citizenship is a material portion of whether the person can obtain the benefit, has not been exhausted. Right. Reaching that – What Judge Cowen's asking you, and I'm curious as well, is whether if that hump were gotten over, do you have a merits argument about why it isn't correct? Certainly. The IJ did note that while petitioner's claim of citizenship was not material to receiving the firearm, by petitioner's own admission and by withholding that he had been convicted for an aggravated felony, he, following the statute verbatim practically, falsely represented his citizenship for the purpose of a benefit under Nevada law. What does the aggravated felony – the misrepresentation about the conviction have to do with anything? With this charge, as regards to this charge? It has nothing to do with it? It's my understanding that the IJ interpreted the statute to not have the materiality necessity. Neither party has been able to find – It isn't a misrepresentation of citizenship. So the fact that he misrepresented whether he had been convicted doesn't – has nothing to do with this charge. All that the immigration judge was doing was going through what the transaction record showed. I understand. But that particular part of the transaction record just has nothing to do with this charge. Is that right? That's correct. All right. So even though he mentions it and the BIA mentions it, it's just irrelevant to this charge? Absolutely. All right. So now we're on to the question of what is relevant, which is the misrepresentation of citizenship. And it's both – the statute does not contemplate this materiality, that the citizenship needs to be material for the benefit. What does the statute for benefit mean, then? For the purpose? It's not – the charge isn't misrepresenting that you're a United States citizen. It's misrepresenting you're a United States citizen for the purpose of obtaining a benefit. So it has to – there has to be a connection there. It's another example. The government, at the trial level before the immigration judge, pointed to other instances where false representation of citizenship has been applied, and that's been in the employment arena where a legal permanent resident can be. But wasn't there testimony here that he thought the guy wouldn't sell him the gun unless he said he was a United States citizen?  That's for the purpose, by his own testimony. I mean, the gun. Isn't that right? I refer the Court to page 95 of the record, where he was asked by his own attorney, Mr. Obergon, why did you tell the sales clerk that you were a U.S. citizen? And his answer is, to see if she would sell me a rifle. But the point is, under the statute, he did not have to be a citizen. It was not a qualifying thing in order to obtain a firearm. So I have a lot of difficulty in seeing what benefit he received by saying he was a citizen. If he would have said nothing, he still qualified for the firearm. With the exception that he had been convicted of a felony. Yeah, but that's not before us. That's another story. That's another case. Let's put it that way. The only case before us is whether he violated this statute by saying he was a citizen, and he can't violate it unless he got some benefit from stating he was a citizen. It's my understanding that the immigration judge, again, the statute doesn't contemplate this necessity that the citizen should be material to obtaining, and that the immigration judge properly interpreted the statute to look at the person's actions. What did he do in order to obtain the benefit? He said he got no benefit from claiming he was a citizen. The benefit is purchase of a firearm, which is a regulated. All right. Well, we're going around in circles here, but. I just also want to point out to the Court that neither party has been able to locate a case that specifically says that the statute contemplates that the citizenship needs to be material to the benefit sought. Although Petitioner cites to a case authored by Judge Berzon called Toro-Romero, I think that case is easily distinguishable, and I will go into that if you would like me to. I'm staring at it right now. Okay, great. It's maybe not definite, but I don't know why it's distinguishable. Okay. The alien in that case was also a legal permanent resident, and had been convicted of a burglary, and traveled outside of the United States and was trying to come back in, and since they didn't have their legal permanent resident card, presented somebody else's birth certificate in order to come back into the country. And the government in that case charged Mr. Toro-Romero for being inadmissible, but he was a legal permanent resident, and so the court needed to look at whether he was properly charged. And there is a portion of the case I have right here. If Toro-Romero had not committed a crime involving moral intrepidity and thus was entitled to reenter the United States, there's a question whether any purpose or benefit was served or gained by presenting another individual's birth certificate. Exactly. And so there's a suggestion that he presented it, but he didn't need to present it. What difference does it make? Again, there's the suggestion that there is a materiality requirement in this statute. I'm sorry. I can see the argument that this didn't decide the question, but I don't know why it's a different question. It's the same problem. Again, it's just a suggestion that there is a – the holding in Toro-Romero was in a different context. And Your Honor pointed out that he might have been properly found removable under 237A3D, which is the statuette issue here, and that might have raised a materiality question. The government's position is that the IJ specifically – So what is your interpretation of the statute, then? Is that it's subjective? Is that if he thought he needed it for this purpose, then that's – if he presented it thinking it was going to make it better, even though he didn't need it? Exactly. And that's why the – It's not that there's no connection. The immigration judge pointed that out, that he was under the belief by his own admission that he was presenting – misrepresenting his citizenship to obtain a benefit, and the benefit is – Suppose he goes to the grocery store and he thinks he can't buy groceries unless he's a citizen in the United States, and the grocery store man just asks him, are you a citizen, by the way? And he says, oh, yes, I'm a citizen. And he sells him groceries. Now, he told him he was a citizen because he thought he had to tell him that, but anyone can buy groceries. Your position is he violated the statute? Your Honor, that hypothetical is distinguishable because buying groceries isn't regulated or isn't – But the point is he thinks it is. In other words, your notion is – or suppose – what has to be under federal law? So you're basically charging him with mistake of the law. If he's confused about the law and misrepresents – I mean, what government interest is there in that? I mean, why would we have such a rule that says if somebody misrepresents whether he's a citizen but it makes no bit of difference, why would we care about that? The statute used to just contemplate – until Ira passed, used to just contemplate false presentation of citizenship in the context of seeking an immigration benefit, such as seeking a passport. But it specifically widened – Right. State any – For the purpose of any federal law. But why does – what theory would we want – would we care about representing it in order to obtain the benefit of a federal and state law, which he thinks requires you be a citizen, but it doesn't? Why would anybody pass a statute like that? He might be right that the man would not sell him the gun unless he claimed to be a citizen. He might have had friends who knew that the man wouldn't sell them a gun. I mean, so it's not merely subjective. It could be based on the reality of the fact that this gun seller sells only to citizens to protect himself. Isn't that also a possibility in this case? The form that was filled out, which is at page 123 of the administrative record, does ask are you unlawfully in the United States, have you been convicted of a felon, and then specifically asked are you a citizen of the United States. So it's conceivable that he thought that it was important. Well, it actually says at the bottom why they ask the question. Because it says if you're not a citizen of the United States, you have a state of residence only if you resided in the state for at least 90 days prior to the date of the sale. I don't know. That's a strange rule, but that's why they're asking the question. It says exactly why they're asking the question. And it turns out that he did submit all his addresses, and he was certainly a resident of the state for at least 90 days, back for several years. So it was absolutely immaterial to him. He was just confused. Except that he's okay. He stated specifically that he stated that he was a citizen to see if she would sell him a firearm. Perhaps he was confused as to why he needed to sell him a firearm.     I just don't know. And I'm not going to state that. Although it is clear that it's regulated under both Federal and State statute. I just want to briefly address the exhaustion issue, even though you're out of time. Go ahead. I'm sorry. I'm out of time. Your Honor's already pretty much made the argument for me on the exhaustion point, but I do want to point out that to the extent that Petitioner We can go through the BIA's, the government's brief to the BIA, and it does not specifically make the argument that is being made here today. And to the extent that the Petitioner is claiming that the streamlining, practice of streamlining this case or affirming without opinion changes things because the court is being asked to look at the soundness of the immigration judge's decision, as pointed out by Judge Berzon, that's been precluded by Zara v. Ashcroft, and that the exhaustion requirements are not excused even if the case has been streamlined. Do you have anything further? Thank you very much, counsel. I'll give you a minute or so. Just on the issue of exhaustion, I would want to point that on page seven of the record, the government does make the argument that Respondent made a false claim of citizenship when he filled out the firearms transaction, and they do, she does make the argument that this was for a purpose or benefit under Nevada law because she specifically cites the oral decision of the immigration judge at five, which is in the record at page 39, where the judge specifically says that he falsely represented himself to be a United States citizen for the purpose of gaining a benefit under Nevada law. And this is a matter which the Petitioner contested at his trial, and he never changed his pleadings, and he contests that all the way through the proceedings up to the present time. Okay. Thank you very much, counsel. Thank both counsel for a useful argument. The case of Obergon-Rocha v. Gonzalez is submitted.
judges: D.W. Nelson, Cowen Berzon